UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


DAVID CASON,

        Petitioner,

v.                                         Case No. 1:07-cv-00134-MP-GRJ


SECRETARY, DEPT. OF
CORRECTIONS,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate in the custody of the Florida Department of Corrections

(DOC), initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (Doc. 1).  The Petition stems from a prison disciplinary

report (DR) and conviction at Columbia Correctional Institution, for which Petitioner was

punished by the loss of 90 days of accrued gain time and other disciplinary sanctions.

Petitioner unsuccessfully pursued administrative and state-court remedies before filing

the instant Petition.  Petitioner asserts that he was denied due process during the

disciplinary proceeding because: (1) an investigator failed to interview one of his

witnesses and falsely reported that the witness refused to make a statement; (2) the

disciplinary team gave invalid reasons for refusing to interview or call additional

witnesses; and (3) the DR was falsified in retaliation for filing a grievance against an

officer at his prior institution.  The Respondent filed a response and exhibits (Doc. 7),

and Petitioner filed a reply (Doc. 8).  For the following reasons, the undersigned

recommends that the Petition be denied.[1]

## Factual and Procedural History

Petitioner was charged with violating Fla. Admin. Code § 33-601.314(9-1), which

prohibits inmates from engaging in obscene or profane acts.  The charging report,

prepared by Officer J. F. Fowler, included the following statement of facts:

> At approximately 11:40 a.m. . . . while assigned as Outside Grounds
> Officer (special assignment paint crew) I was walking through Quad 1 of
> F-Dormitory, I observed Inmate Cason, David #W09060 cell F1112,
> standing at the rear of his cell m[a]sturbating vigorously at Mrs. R. Paul in
> Quad 1 while she was conducting a walk through. Inmate Cason had a
> direct line of sight of Mrs. Paul from his cell due to his door being open.
> Mrs. Paul was also a witness to this incident. Inmate Cason['s] actions
> violates disciplinary charge (9-1) Profane or Obscene Act.

App. Exh. D. at 88.

Sergeant Lewis and Sergeant Peterson conducted the investigation.  Petitioner

declined staff assistance and provided a statement contending that the DR was

frivolous, that he was innocent, and that the DR was motivated by retaliation for filing a

grievance against his classification officer at his previous institution, Madison C.I.  *Id*. at

90.  Petitioner signed a "witness disposition" form, in which he requested written

statements from inmates Stephen McClain and Kenneth Shankland, and staff members

Sergeant Kent, Sergeant Smith, Mrs. Washington, Officer Fowler, and Mrs. Paul.

Petitioner also requested that the investigators interview "all inmates in dorm."  *Id*. at 92.

The witness statement form for inmate McClain indicates that he refused to

provide a statement and refused to sign the statement form.  Peterson signed the form

---

[1] Because the Court may resolve the Petition on the basis of the record, an
evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus
Petitions Under Section 2254.

as the investigating officer. *Id*. at 93. Inmate Shankland told the investigators that he was aware Petitioner had filed grievances at his previous institution, but that he had never seen Petitioner behave disrespectfully. Shankland's statement does not reflect that he witnessed the incident. Fowler told the investigators that he concurred with the statement of facts as written in the charging report. Kent, Smith, and Washington stated that they were not present during the incident. Paul stated that she concurred with the statement of the facts as written. *Id*. at 89, 94-98.

The hearing team found Petitioner guilty based on Officer Fowler's statement. The team noted that the written witness statements obtained during the investigation were read and considered. The hearing worksheet and final report include the following note: "The subject requested additional witnesses[,] stating they would support what his other witnesses had stated. The additional witnesses were not called because to do so would be redundant and repetitive." *Id*. at 92, 100.

Petitioner filed an institutional administrative grievance arguing, *inter alia*, that the DR was false and that the hearing team improperly denied the additional witnesses he requested. He filed an amendment to his grievance contending that inmate McClain told Petitioner that he was never called to give a statement and "never signed any refusal." Petitioner alleged in his grievance that he provided the disciplinary team with a list of additional witnesses, but his grievance did not identify any of the additional witnesses by name. The institutional response denying the grievance states that the request for additional witnesses was denied in accordance with Fla. Admin. Code § 33-

601.307(3)(e).[2]  The response further states that Peterson confirmed that McClain

refused to make a statement on Petitioner's behalf.  *Id*. at 101-06.

Petitioner appealed to the Office of the Secretary, again asserting, *inter alia*, that

the DR was false and retaliatory, that the hearing team did not permit additional

witnesses, and that the investigating officer failed to interview McClain.  In support of

his appeal, Petitioner submitted an undated declaration from McClain in which McClain

stated that he was not called to give a statement for Petitioner and did not refuse to

give a statement.   Petitioner also alleged that he had given Peterson the names of

three additional witnesses prior to the disciplinary hearing: inmates Otis Brown, Carlos

Garcia, and Stanley Clifford.  The Secretary denied the appeal, noting that the issue of

McClain's statement was adequately addressed at the institutional level and that the DR

hearing team had the authority to determine what additional witness statements were

necessary.  *Id*. at 107-113.

Petitioner sought review of his prison disciplinary conviction in Leon County

Circuit Court.  In addition to McClain's declaration, Petitioner attached declarations from

Brown and Garcia that contradicted Officer Fowler's and Mrs. Paul's description of the

incident.  App. Exh. A.  The court denied relief, stating as follows:

> Regarding the propriety of the disciplinary actions at issue in this
> case, the court finds that Plaintiff's due process rights as set forth in *Wolff
> v. McDonnell*, 418 U.S. 594, 94 S.Ct. 2963 (1974), and *Sandin v. Conner*,

---

[2]The rule states that "[a] request for an additional witness who was not listed on the witness request form will be granted if the inmate makes the request at hearing for the additional witness, the expected testimony proffered by the charged inmate indicates that the testimony is material, relevant, and non-repetitive and the inmate presents extraordinary circumstances which prevented him from naming the witness during the investigation."

515 U.S. 472, 115 S.Ct. 2293 (1995), were not violated. Plaintiff was provided advance written notice of the disciplinary charge, an opportunity to call witnesses and present documentary evidence in his defense, and a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 115 S.Ct. at 2978-79. Plaintiff asserts that his due process rights were violated when witnesses were not interviewed during the investigation and disciplinary hearing. More specifically, Plaintiff claims that inmate Stephen McClain and witnesses named at the disciplinary hearing were not interviewed. This Court finds that inmate McClain refused to provide a statement. Additionally, the Department appropriately determined that any witnesses Plaintiff named at the disciplinary hearing would have been repetitive and redundant. Plaintiff was not entitled to have every inmate in F dormitory interviewed as witnesses. An inmate's right to call witnesses is not "unrestricted." *Wolff*, 115 S.Ct. at 2978-79.

> To the extent that Plaintiff argues that the disciplinary report was falsified in retaliation for submitting grievances, he is challenging the sufficiency of the evidence. The standard of proof for a prison disciplinary hearing is "some evidence from which the conclusions of the administrative tribunal could be deduced. . ." *Sup't, Mass.Corr. Inst. v. Hill*, 472 U.S. 445, 472, 105 S.Ct. 2768, 2774 (1985). Officer Fowler's eye witness report met this burden and the evidence relied upon by the disciplinary team was sufficient[.]"

App. Exh. F.  The First District Court of Appeal denied certiorari without a written opinion.  App. Exh. L.  The instant Petition followed.[3]

## Standard of Review

A state prisoner who is deprived of gain time as the result of a prison disciplinary proceeding that allegedly violated due process may seek federal habeas review, but such review is governed by the restrictions set forth under 28 U.S.C. § 2254.  *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003).  Under § 2254, a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already

---

[3]Respondent concedes that the Petition is timely under 28 U.S.C. § 2244(d).

adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of time credits, a prisoner is entitled to the following three procedural protections: (1) advance written notice of the charges and at least 24 hours to prepare a defense; (2) an opportunity, consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. *Wolff*, 418 U.S. 539, 563-66. Due process standards are satisfied if the findings of the disciplinary officer are supported by "some evidence." *Sup't, Mass. Corr. Inst.*, 472 U.S. at 455.

### (1) Denial of Due Process Regarding McClain's Statement

Petitioner contends that Peterson falsified his report stating that McClain refused to give a statement on Petitioner's behalf and refused to sign the witness form. Petitioner contends that the witness form requires the investigator "and an additional witness" to attest that the inmate refused to sign the form, and that the Warden did not adequately investigate this issue. *See* Doc. 1 and attached memorandum.

The state court rejected this claim based on its finding, upon review of the record, that McClain had refused to make a statement. The record supports this conclusion. At the time of the disciplinary hearing the record included a witness form prepared by Peterson reflecting that McClain refused to give a statement. Although Petitioner alleges that Peterson completed the form incorrectly because he did not document McClain's refusal by obtaining a separate witness's signature, he points to no law or rule requiring that procedure, and the form itself is ambiguous in this regard. *See* App. Exh. D. at 93. The form does clearly state that McClain "refused to make a

7

statement" and "refused to sign" the form, and it is signed and dated by Peterson as the

investigating officer.  *Id.*

On administrative review, the Warden confirmed through Peterson that McClain

refused to provide a statement prior to Petitioner's disciplinary hearing.  McClain's post-

hearing statement presented during the grievance process makes a contradictory claim,

but Petitioner points to no evidence in the record that would call into question the

reliability of Peterson's pre-hearing investigation that formed the basis for the

disciplinary team's decision.  Petitioner's claim that the Warden failed to adequately

investigate this issue on administrative review is not cognizable.  There is nothing in

*Wolff* that requires administrative appellate review of a prison disciplinary proceeding as

a necessary due process component, or that establishes minimum requirements for

such administrative appellate review.  *See Wolff*, 418 U.S. 539, 563-66.

The state court's finding that McClain refused to make a statement prior to the

hearing is afforded a presumption of correctness, and Petitioner has failed to rebut that

presumption by clear and convincing evidence.  *See* § 2254(e)(1).  Accordingly,

Petitioner is not entitled to federal habeas relief on this claim.

### (2) "Invalid Reasons" For Refusing to Call Other Witnesses

Petitioner contends that he provided the names of inmates Brown, Garcia, and

Clifford to the investigator prior to the hearing.  Petitioner contends that the investigator

did not respond to his request for these witnesses.  Petitioner further contends that the

disciplinary team's conclusion at the hearing that additional witnesses would be

"redundant and repetitive" was not a valid basis for refusing to call witnesses.  Doc. 1.

The state court rejected this claim, stating that "the Department appropriately

determined that any witnesses Plaintiff named at the disciplinary hearing would have been repetitive and redundant. Plaintiff was not entitled to have every inmate in F dormitory interviewed as witnesses. An inmate's right to call witnesses is not 'unrestricted.'" App. Exh. F. (quoting *Wolff*, 418 U.S. at 566).

The record is devoid of any evidence that Petitioner identified Brown, Garcia, and Clifford as witnesses during the investigation or at the hearing. Petitioner alleged in his appeal to the Secretary that he "filed a request" for the witnesses, but no such request appears in the record. App. Exh. D. at 109. The hearing report reflects that Petitioner requested additional "witnesses" but does not reflect that he named specific witnesses. *Id*. at 99-100. In the absence of any evidence that the three named witnesses were requested during the disciplinary proceeding, the failure to obtain statements from them does not provide a basis for a due process claim. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (reversing district court's grant of habeas relief on basis of witness statement that was not presented until administrative appeal, stating that due process in context of prison disciplinary case "does not include a right to submit further evidence on appeal.").

Given the lack of evidence that Petitioner specifically requested Brown, Garcia, and Clifford as witnesses, it was reasonable for the state court to infer that the "additional witnesses" Petitioner requested during the hearing referred to the other inmates assigned to his dorm, as reflected on the "Witness Disposition" form signed by Petitioner. App. Exh. D. at 92. That form also indicates that no witnesses other than those previously identified by Petitioner were requested at the hearing. *Id*. The hearing report reflects that Petitioner told the disciplinary team that additional witnesses

9

"would support what his other witnesses had stated." Petitioner's "other witness,"

inmate Shankland, stated that Petitioner had filed grievances and that he had not seen

Petitioner behave disrespectfully. Similar statements from other witnesses would not

have aided Petitioner, and Petitioner has not shown that the disciplinary team's

conclusion that such statements would have been "redundant and repetitive" was an

invalid basis for refusing his request for additional witnesses. *See* Fla. Admin. Code

§ 33-601.307(3)(e) (additional proffered testimony must be "relevant and non-

repetitive").

Petitioner contends that the disciplinary team failed to comply with *Ponte v. Real*,

471 U.S. 491 (1985). In *Ponte*, the prisoner called several witnesses to testify at his

disciplinary hearing, but the disciplinary board "declined to call" all but one of those

witnesses. *Ponte*, 471 U.S. at 493. The Court held that "prison officials may be

required to explain, in a limited manner, the reason why witnesses were not allowed to

testify[.]" *Id*. at 497. In this case, Petitioner was not denied the opportunity to call

witnesses. Seven witnesses were interviewed for statements at his request prior to the

hearing. Although the regulations permit prisoners to request additional witnesses at

the hearing, the prisoner must make the showing required in § 33-601.307(3)(e). The

disciplinary team determined that Petitioner did not make that showing. Since

Petitioner was afforded the opportunity to obtain seven witness statements prior to the

hearing, he has not shown that the disciplinary team's rejection of his request for

additional witnesses during the hearing ran afoul of either *Wolff* or *Ponte*. Petitioner

has not shown that the state court's rejection of this due process claim was contrary to,

or an unreasonable application of, federal law.

## (3) <u>Retaliatory DR and Sufficiency of Evidence</u>

Petitioner contends that the DR was issued in retaliation for filing a grievance against a classification officer at his previous institution, and that a "substantial evidence" standard should be applied to prison disciplinary proceedings.  The state court concluded that Petitioner's retaliation claim was in essence a challenge to the sufficiency of the evidence, and rejected the claim because the disciplinary conviction was supported by "some evidence" in the form of Officer Fowler's eyewitness report. App. Exh. F.

Although Petitioner suggests that a higher evidentiary standard should apply, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457.  It is clear that Petitioner's disciplinary conviction was supported by at least some evidence in the form of Officer Fowler's report, as corroborated by Mrs. Paul.  *See id.* at 456 (prison guard's testimony and copies of his written report supported conclusion that the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process clause); *Brown v. Frey*, 807 F.2d 1407, 1414 (8th Cir.1986) (witnessing officer's violation report is "some evidence.").

Further, although retaliation against an inmate for filing grievances may give rise to a cause of action against prison administrators, such a cause of action must be based on a sufficient showing of a causal relationship between the retaliatory action and the protected activity.  *See Smith v. Mosley*  532 F.3d 1270, 1276 (11th Cir. 2008).

11

Petitioner's allegation of a connection between the DR for committing an obscene act at Columbia C.I. and a grievance he filed against an officer at a different institution is wholly conclusional. Petitioner has not shown that the state court's rejection of this due process claim was contrary to, or an unreasonable application of, federal law.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus, Doc. 1, be **DENIED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 1st day of April 2011.


s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.